CALVIN E. DAVIS  (SBN: 101640)
cdavis@grsm.com
EMERSON H. KIM  (SBN: 285142)
ekim@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone:  (213) 576-5002
Facsimile:  (213) 680-4470

Attorneys for Defendant
SD&A TELESERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANFINN SKULEVOLD, NANCY RUIZ, and MIKE GERZEVITZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SD&A TELESERVICES, INC., a Georgia corporation, and DOES 1 through 50, inclusive<br><br>Defendant. | CASE NO.<br><br>**NOTICE OF REMOVAL**<br><br>*[Filed concurrently with Declaration of Calvin E. Davis]* |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT**:

**PLEASE TAKE NOTICE** that Defendant SD&A TELESERVICES, INC. ("SD&A") hereby removes to this Court the state court action described below.

**I.    THE REMOVED CASE**

1.    On February 7, 2020, Plaintiffs Anfinn Skulevold, Nancy Ruiz, and Mike Gerzevitz (collectively, "Plaintiffs") filed a class action complaint ("Complaint") alleging two claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227, *et seq.*, and a third claim under California's Unfair Competition Law ("UCL"), Business and Professions Code §§ 17200, *et seq.*, in

the Superior Court of the State of California for the County of Los Angeles, entitled *Anfinn Skulevold, et al. v. SD&A Teleservices, Inc.*, Case No. 20STCV05038 (the "State Action.").

## II. PROCEDURAL REQUIREMENTS

2. Pursuant to 28 U.S.C. § 1446(b), a Notice of Removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter."

3. On March 19, 2020, SD&A received service of the Summons and Complaint. As such, SD&A is timely filing this notice within 30 days of receiving the initial pleadings.

4. Pursuant to 28 U.S.C. § 1446(a), SD&A is also filing copies of all process, pleadings, and orders for the State Action that has been served on it. True and correct copies are attached as **Exhibits A through D** to the Declaration of Calvin E. Davis ("Davis Decl."), which is being filed concurrently.

5. SD&A is unaware of any other defendants who were served with the Complaint and whose consent would be necessary for removal. The only other defendants designated in the Complaint are unknown fictitious defendants, Does 1-50.

6. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), venue is proper in the Central District of California because this district embraces the place in which the State Action has been pending.

7. Pursuant to 28 U.S.C. § 1446(d), SD&A will promptly file a true and correct copy of this Notice of Removal in the State Action and give written notice thereof to all adverse parties.

## III. FEDERAL QUESTION JURISDICTION

8. This Court has original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Defendants may remove to the appropriate district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

9. This Court has original jurisdiction over the TCPA claims pursuant to 28 U.S.C. § 1331. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 385–86 (2012) (federal courts have original jurisdiction over TCPA claims). Therefore, SD&A is properly removing its State Action to this Court pursuant to 28 U.S.C. § 1441(a)

## IV. SUPPLEMENTAL JURISDICTION

10. Pursuant to 28 U.S.C. § 1367(a), where the Court has original jurisdiction in a civil action, as it does here, "it shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

11. Even if one of several claims does not 'arise under' federal law, removal is still appropriate if that claim is transactionally related (i.e. 'supplemental') to at least one substantial federal claim. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). A single case exists in the constitutional sense wherever the state and federal claims arise from a "common nucleus of operative facts" such that a plaintiff "would ordinarily be expected to try them all in a single judicial proceeding." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)

12. Here, Plaintiffs' causes of action arise out of the same nucleus of operative facts; e.g. the alleged improper telephone calls by SD&A to Plaintiffs on Plaintiffs' telephones without consent. Accordingly, supplemental jurisdiction

under 28 U.S.C. § 1367 of Plaintiffs' UCL claim, is appropriate.

## V.   CONCLUSION

13.   For the foregoing reasons, SD&A respectfully requests that the State Action be removed to the United States District Court, Central District of California.

14.   If any question arises as to the propriety of the removal of this action, SD&A requests the opportunity to present a brief and oral argument in support of its position that this case should be removed to this Court.

Dated: March 24, 2020

GORDON REES SCULLY MANSUKHANI, LLP

By: _____
CALVIN E. DAVIS
EMERSON H. KIM
Attorneys for Defendant
SD&A TELESERVICES, INC.