ANTHONY J. ORSHANSKY, Cal. Bar No. 199364
anthony@counselonegroup.com
ALEXANDRIA KACHADOORIAN, Cal. Bar No. 240601
alexandria@counselonegroup.com
JUSTIN KACHADOORIAN, Cal. Bar No. 260356
justin@counselonegroup.com
COUNSELONE, P.C.
9301 Wilshire Boulevard, Suite 650
Beverly Hills, California 90210
Telephone: (310) 277-9945
Facsimile:  (424) 277-3727

Attorneys for Plaintiffs ANFINN SKULEVOLD, NANCY RUIZ, and MIKE GERZEVITZ, on behalf of themselves and others similarly situated

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 07 2020

Sherri R. Carter, Executive Officer/Clerk of Court
By: Isaac Lovo, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ANFINN SKULEVOLD, NANCY RUIZ, and MIKE GERZEVITZ, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SD&A TELESERVICES, INC., a Georgia corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. **20STCV05038**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>(1) Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et seq.<br><br>(2) Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et seq.<br><br>(3) Violation of California's Unfair Competition Law, Business and Professions Code §§ 17200, et seq.<br><br>**By Fax**<br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

1. ANFINN SKULEVOLD, NANCY RUIZ, and MIKE GERZEVITZ ("Plaintiffs") bring this action for damages, injunctive relief, and any other available legal or equitable remedies resulting from the illegal actions of SD&A TELESERVICES, INC. ("SD&A") and DOES 1 through 50, inclusive (all defendants are collectively referred to herein as "Defendants"), in negligently and willfully contacting Plaintiffs on Plaintiffs' telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA") and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*, thereby invading Plaintiffs' privacy. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys:

**NATURE OF ACTION**

2. The TCPA was intended to prevent calls like the ones described in this Complaint and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how businesses may call them and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102-243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." TCPA, Pub.L. No. 102-243, §§ 12-13. *See also Mims*, 132 S. Ct. at 744.

1

CLASS ACTION COMPLAINT

## PARTIES

5. At all times mentioned herein, Defendant SD&A was and is a Georgia corporation with its principal place of business in Los Angeles, California, and was, at all times relevant to this complaint, engaged in commercial transactions throughout this county, the State of California, and the various states of the United States of America.

6. Plaintiffs are unaware of the true names and capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue those defendants by those fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and on that ground allege that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged and that Plaintiffs' injuries and damages, as alleged, are proximately caused by those occurrences.

7. Plaintiffs are informed and believe and on that ground allege that, at all relevant times, each defendant was the principal, agent, partner, joint venturer, alter ego, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiffs are informed and believe and on that ground allege that each defendant acted pursuant to and within the scope of the relationships alleged above, and that each knew or should have known about and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all Defendants.

8. Venue as to Defendants is proper in this judicial district pursuant to Code of Civil Procedure § 395.5 because Defendants' principal place of business is situated in Los Angeles County, State of California, from which the unlawful conduct occurred.

## FACTUAL BACKGROUND

9. SD&A provides telemarketing services to a variety of organizations throughout the country. Their clients include arts and entertainment associations like the Los Angeles Philharmonic Association and the Center Theatre Group.

10. Although SD&A's clients may include nonprofit organizations, SD&A engages in telemarketing to sell tickets to events such as those held at the Hollywood Bowl or Walt Disney Concert Hall. However, SD&A fails to comply with the federal law in doing so.

11. The TCPA prohibits telemarketing calls made by or on behalf of nonprofit organizations without the prior express consent of the called party. 47 C.F.R. § 64.1200.

12. SD&A places thousands of calls to consumers' personal cellular telephones without the prior express consent of the called party.

13. In some cases SD&A calls consumers dozens of times a year or several times in the same day.

14. What's more, SD&A refuses to honor or acknowledge consumers' requests not to receive calls from SD&A on behalf of their clients.

15. Plaintiffs each received multiple calls from SD&A within the preceding four years to telephone numbers that were assigned to a cellular telephone service, or a service for which Plaintiffs were charged for the calls pursuant to 47 U.S.C. § 227(b)(1)(iii).

16. Plaintiffs requested that SD&A cease calling them, but Plaintiffs continued to receive calls from SD&A.

17. Upon information and belief, Defendants used an automatic telephone dialing system ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), to call Plaintiffs and other members of the putative class. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18. Upon information and belief, Defendants' system uses software that can store a database of telephone numbers and then automatically place calls to those stored cellphone numbers.

19. These calls placed to Plaintiffs and putative class members constituted communications that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20. Rather, the calls included or introduced an advertisement or constituted telemarketing pursuant to 47 C.F.R. § 64.1200(a)(2), namely, the sale of tickets to events hosted by clients of SD&A.

///

21. Plaintiffs did not provide their prior express consent pursuant to 47 U.S.C. § 227(b)(1)(A) to receive these calls.

## CLASS ALLEGATIONS

22. Plaintiffs bring this action on behalf of themselves and on behalf of all others similarly situated.

23. Plaintiffs represent and are members of the classes defined as follows:

> **TCPA Class:** All persons within the United States who, within the four years prior to the filing of this Complaint and continuing to the present, received one or more calls from SD&A sent by means of an automatic telephone dialing system to their cellular telephones.

> **UCL Class**: All persons within the United States who, within four years prior to the filing of this Complaint and continuing to the present, received one or more calls from SD&A after stating they did not wish to receive such calls.

24. Defendants and their employees or agents are excluded from the classes. Plaintiffs reserve the right to expand the class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

### A.   Numerosity

25. Although the precise number of class members has not been determined at this time, Plaintiffs estimate that the class consists of more than a thousand members and that the identity of such persons is readily ascertainable by inspection of Defendants' business records. Therefore it is reasonable that the class members are so numerous that joinder is impracticable, and the disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

### B.   Common Questions Predominate

26. There are questions of law and fact common to the classes that predominate over any questions affecting only individual putative class members. Thus proof of a common set of facts will establish the right of each class member to recovery. These common questions of law and fact include, but are not limited to, whether Defendants violated the TCPA by placing calls to Plaintiffs and the TCPA Class on their cellular telephones without their prior express consent, whether Defendants placed these calls to Plaintiffs and the TCPA Class on their cellular telephones using an automated dialing system, and whether Defendants had policies to remove class members from all

4

CLASS ACTION COMPLAINT

call lists when class members requested not to be contacted.

### C. Typicality

27. Plaintiffs received calls from Defendants or their agents without providing their prior express consent. Defendants also failed to honor Plaintiffs' requests not to receive further calls from Defendants. Therefore Plaintiffs are asserting claims that are typical of the classes.

### D. Adequacy

28. Plaintiffs will fairly and adequately represent and protect the interests of the classes in that Plaintiffs have no interests antagonistic to any member of the classes. Counsel who represent Plaintiffs and putative class members are experienced and competent in litigating class actions and consumer-protection claims.

### E. Superiority of Class Action

29. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of putative class members is not practicable, and questions of law and fact common to putative class members predominate over any questions affecting only individual putative class members. Each putative class member has been damaged and is entitled to recovery as a result of the violations alleged herein. Moreover, because the damages suffered by individual members of the classes may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual members of the classes to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. Class action treatment will allow those persons similarly situated to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

30. A class action is a superior method for the fair and efficient adjudication of this controversy. Classwide damages are essential to induce Defendants to comply with federal law. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

///

31. Plaintiffs are unaware of any difficulties in managing this case that should preclude class action.

## FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT,

## 47 U.S.C. §§ 227, *et seq.*

**(Brought on behalf of the TCPA Class)**

32. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, as alleged above.

34. As a result of Defendants' negligent violations of 47 U.S.C. §§ 227, *et seq.*, Plaintiffs and each member of the TCPA Class are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

35. Plaintiffs and class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE

## TELEPHONE CONSUMER PROTECTION ACT,

## 47 U.S.C. §§ 227, *et seq.*

**(Brought on behalf of the TCPA Class)**

36. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, *et seq.*

38. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq.*, Plaintiffs and each member of the TCPA Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. §

227(b)(3)(C).

39. Plaintiffs and the TCPA Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW,

### BUSINESS AND PROFESSIONS CODE §§ 17200, *et seq.*

**(Brought on behalf of the UCL Class)**

40. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

41. California's Unfair Competition Law ("UCL"), California Business & Professions Code §§ 17200, *et seq.*, protects both consumers and competitors by promoting fair competition in commercial markets for goods and services. The UCL prohibits any unlawful, unfair or fraudulent business act or practice. A business practice need only meet one of the three criteria to be considered unfair competition. An unlawful business practice is anything that can properly be called a business practice and that at the same time is forbidden by law.

42. Defendants violate the TCPA as described above, as well as the Telemarketing Sales Rule (TSR), 16 C.F.R. §§ 310, *et seq.* The TSR prohibits telemarketers from "[i]nitiating an outbound telephone call to a person when [¶] ... [t]hat person previously stated that he or she does not wish to receive an outbound telephone call made by or on behalf of the seller whose goods or services are being offered or made on behalf of the charitable organization for which a charitable contribution is being solicited[.]" *Id.* at § 310.4(b)(1)(iii)(A). The TSR also prohibits telemarketers from "denying or interfering in any way, directly or indirectly, with a person's right to be placed on any registry of names and/or telephone numbers of persons who do not wish to receive outbound telephone calls established to comply with paragraph (b)(1)(iii)(A) of this section, including, but not limited to, ... failing to honor the request[.]" *Id.* at § 310.4(b)(1)(ii).

43. Defendants violated the TSR by initiating outbound calls to persons, including Plaintiffs, who have stated that they do not wish to receive calls by Defendants or on behalf of Defendant's clients, including the Los Angeles Philharmonic Association, and by failing to honor such requests, and in so doing Defendants violated the unlawful prong of the UCL.

44. Defendants also violate the unfair prong of the UCL in that they have gained an unfair business advantage over competitors by violating the TSR and engaging in abusive telemarketing practices that annoy, bother, and harass Plaintiffs and other members of the putative UCL Class, and invade their privacy. Any utility derived from Defendants' conduct is outweighed by the gravity of the consequences to Plaintiff and class members because the conduct offends public policy.

45. Finally, Defendants violate the fraudulent prong of the UCL because, upon information and belief, Defendants indicated that they would remove persons who did not wish to receive telemarketing calls from their contact lists and place them on Defendants' internal do-not-call list, but Defendants failed to do so.

46. As a result of Defendants' conduct described herein and their willful, reckless, and/or grossly negligent violations of California Business & Professions Code § 17203, Plaintiff and putative class members have lost money or property and suffered harm, including but not limited to, the inability to use their phones while receiving Defendants' telemarketing calls, wear and tear on their phones, consumption of battery life, lost cellular minutes and/or charges for the calls, use of cellular data, and the diminished use, enjoyment, value, and utility of their telephone plans.

47. Pursuant to California Business & Professions Code § 17203, Plaintiffs seek equitable relief, including any money or property unlawfully obtained from Plaintiff and the putative class members and an order enjoining Defendants from continuing to engage in the unlawful, unfair, and fraudulent conduct described above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and on behalf of the other members of the putative classes, pray as follows:

A.   For an order certifying that this action is properly brought and may be maintained as a class action, that Plaintiffs be appointed class representatives, and that Plaintiffs' counsel be appointed counsel for the classes;

B.   Pursuant to 47 U.S.C. § 227(b)(3)(B), for an award of statutory damages to Plaintiffs and each member of the TCPA Class in the amount of $500 to $1,500 for each and every violation;

///

1     C.    Pursuant to 47 U.S.C. § 227(b)(3)(A), for injunctive relief prohibiting such conduct in the future;

    D.    Pursuant to Business & Professions Code § 17203, for an award of appropriate equitable relief, including an injunction prohibiting Defendants' conduct described herein and restitution of any money or property that Defendants acquired through such conduct;

    E.    For an award of statutory, compensatory, special, general, and punitive damages according to proof against Defendants;

    F.    For an award of pre- and post-judgment interest; and

    G.    For such other and further relief as may be deemed necessary or appropriate.

## JURY DEMAND

Plaintiffs hereby demand a jury trial on all issues so triable.

DATED: February 6, 2020                          COUNSELONE, PC

By: /s/ Anthony J. Orshansky
Anthony J. Orshansky
Alexandria Kachadoorian
Justin Kachadoorian

Attorneys for Plaintiffs ANFINN SKULEVOLD, NANCY RUIZ, and MIKE GERZEVITZ and the Putative Class

9
CLASS ACTION COMPLAINT